May it please the court, my name is Chad Wright, I will be representing Robert Davis. This Court has identified two issues for appellate review. I would like to address the second issue first, real quickly. That's the Bennett v. Mueller, whether the State procedural bar has been applied in a consistent manner. Bennett says that the State has to first plead a State procedural bar, that the petitioner can respond and shift the burden back to the State by showing inconsistent application, but that the ultimate burden when that happens then returns to the State to show that the State procedural bar has been applied in a consistent manner. That burden shifting requirement was not met in this case. The State procedural bar for the contemporaneous objection rule to jury instructions found at 46-16-410 was not considered, the burden was not shifted back to the State. The State did plead that procedural bar. Davis then cited several cases showing where that bar has not been applied consistently in Montana, the first being State v. Robbins, which recognized an exception. Robbins is quite consistent, though, isn't it, with the other three or four cases, in that in that case an objection was in fact made withdrawn at the behest, incorrect behest of the prosecutor in the court, and so the Supreme Court of Montana treated it as if it in fact had never been withdrawn, so it was a contemporaneous objection. Well, but I think the important part of Robbins is that it recognized that this sort of exception to the contemporaneous objection rule has existed for a long period of time, so they've recognized that this is a general rule that has exceptions. And then you can look to cases like the other case that Davis cited, State v. Kilzontop, where they considered this very same issue, whether flight instructions were proper in the trial court, and the State objected vehemently and said, wait a minute, there was no objection to the legality of that. And the Montana Supreme Court, even though they ruled against Kilzontop, went ahead and had it. And in that case, the issue was whether the instruction incorrectly defined flight. And the Montana Supreme Court just said, oh, come on, give me a break. There's just no question that he flew, no matter how you define flight. I mean, so I don't see how that means that the contemporaneous objection rule hasn't been applied consistently. Well, but that may be true, but that means that Mr. Davis met the prima facie showing that there has been some sort of inconsistent application or some willingness to look to another exception. And that's when the burden should have shifted back to the State of Montana. And clearly, neither the magistrate nor the district court shifted the burden back to them. Well, the magistrate judge got it wrong, at least under Bennett, which hadn't come down at that point. Then Bennett comes down. The State calls Bennett to the district court's attention, and the district court's decision is totally silent on the issue. Well, it is silent. I would agree with that. But shouldn't we give the district judge the benefit of the doubt and say Bennett, having been called to his attention as a brand-new case, he followed the law? I wouldn't, Your Honor, for two reasons. First, the district court said, I adopt, even though it's silent on that issue, at the end, he threw in the catch-all phrase, I adopt the magistrate's findings in total. So you have to accept that he adopted the magistrate's findings and those with control when he's silent on that issue and his findings. Second, since Bennett v. Mueller, this court came out in Powell v. Lambert, which I attached in the Rule 28J letter, and said, here's Bennett v. Mueller. We understand it's a new rule. And it also, I think, said, you can look to other things besides the published opinions of the State court to find out the regular practice and whether they've consistently applied that. Now, that wasn't available to the State. That wasn't available to the petitioner. I don't think that interpretation. So I think it would be unfair not to give the opportunity to all parties and the Federal District Court judge to consider the burden-shifting or whether the burden-shifting test had been met by remanding that issue to the District Court. Kennedy. You referred to a 28J letter. When did that come in? Yes. It came in Friday. I think we've – I checked with the clerk this morning. They said they got copies of two items. And if not, I can provide the reference to it after the oral argument. Powell v. Lambert is the case. For some reason, it hasn't arrived in my materials, but I'm sure it's in transit somewhere.  Thank you, Your Honor. If there are no more questions on that, I'd like to move to the primary concern of Mr. Davis' habeas claim. And that that – what I like to consider, coming from Montana where fishing is king, is that Robert Davis is the proverbial fish who was allowed to flow by in the stream of appellate cases, while the Montana Supreme Court said that its new rule prohibiting the use of flight instructions wouldn't affect his case. The Montana Supreme Court's arbitrary classification of this new rule on flight instructions as a prospective rule violates federal due process. But didn't they conclude that this wasn't a constitutional issue, it was a policy issue? No, they didn't conclude that. The Federal District Court did conclude that, said that this doesn't directly violate constitutional rights. But the Montana Supreme Court never made that holding. And, in fact, in State v. Nolan, after Mr. Davis' case, they said, what we said unequivocally is this is a prospective rule. Why can't it do that, and how – and why is that a matter that's cognizable on Federal habeas? I mean, the fact that Montana did or didn't follow its own precedent or did or didn't follow its own statute is a matter for Montana, isn't it? Well, they could certainly choose between whether they want to apply all rules prospectively or create a test for prospective or retroactive application. But what they've done unequivocally is say, we apply all rules retroactively, State or Federal. We have adopted the Griffith v. Kentucky test. Once they do that, then the procedure, or the fair procedure, is that appellants should be able to come in with that knowledge in mind, that they are going to apply all criminal rules retroactively. And when they willy-nilly say, well, this rule now is going to be prospective – Well, yeah, but you see, to me, that just sounds like you want us to review what the Montana Supreme Court decided is a matter of its own supervisorial policy over its own trial courts. And we don't have a license to do that. I mean, take that to the Supreme Court on direct review, don't you? Well, but the Federal due process claim is that, like other tools in appellate procedure, like in Griffith v. Illinois or Evans v. Lucey, you get tools to properly come into the appellate process. And if the State court doesn't give you those tools or restricts that tool, then the procedure isn't fair, the process isn't fair. And that's what I'm saying, is that the appellate process isn't fair when they haven't gone along with their own rules. So the difference is not that we're disagreeing with a properly applied procedural bar. If it had been properly applied, you're right. I'd have no business being here. But it's not properly applied. It contravenes all of the rules of retroactivity that seem clear in the Montana Supreme Court. So appellants don't know what the rules are when they come in, and that makes the procedure unfair. And we can see that when we look to the other application of retroactive rules in Montana. They've applied retroactive rules in Montana without objection under the plain error theory, under a sentencing theory that we don't require objections at sentencing, under other miscellaneous exceptions. This is Steinmetz v. Holtz, an exception that I pointed out in my briefs. And in fact, since State v. Waters, when they adopted Griffith v. Long test, like in Linkletter, no new rule has been applied prospectively except for flight instruction rules. And no new rule has been required to have a contemporaneous trial exception except for flight instruction rules. Will you explain to me why you think that the new rule, if we got there, is of constitutional jurisdictional significance? I mean, just a matter of policy. I mean, you just say, well, I don't like inference instructions. So from now on, trial courts shouldn't give inference instructions because we don't like them. I think that's correct, Your Honor. But the statute in Montana says the modifier is affecting constitutional or jurisdictional rights. It doesn't have to be a direct violation like the district courthouse. So I think when the judge injects himself into the trial by saying, you can infer guilt, the judge is commenting on the evidence. That affects the right to a fair and impartial tribunal. It doesn't directly violate that right. I don't think I can make that claim. But it certainly affects it. And the modifier is affecting. You may want to save your remaining seconds. Thank you. I'll do that. May it please the Court, my name is Mike Wellenstein, and I'm the Assistant Attorney General for the State of Montana. The federal district court correctly found that Davis was procedurally barred his due process claim. In light of the Montana Supreme Court's application of its procedural rule in 4616-410, Davis was precluded from seeking federal habeas review on his due process claim unless he could show cause and prejudice or a fundamental miscarriage of justice. In federal district court, Davis never argued that elementary test. He never argued cause and prejudice. He never argued a fundamental miscarriage of justice. Therefore, the federal district court had no choice but to procedurally bar his claim. Here, Davis, in his brief to this court, Davis, again, did not argue cause and prejudice or a fundamental miscarriage of justice. Instead, Davis argues that the Montana Supreme Court should have first decided whether Hall, the flight instruction ruling in Hall, applied retroactively to his case. Well, as the federal district court has found, and we have argued, the issue of retroactivity is really irrelevant in light of the fact that the Montana Supreme Court has applied its procedural rule. In fact, the Montana Supreme Court's application of its procedural rule precluded the whole, precluded the court from deciding whether Hall applied retroactively in Davis's case. You have to deal with Bennett in that case. You have to deal with Bennett. Bennett. And it's at best ambiguous what the district court did. And it looks as if, as Mr. Wright points out, that the district court adopted the magistrate's findings in total. And the magistrate judge for sure got the Bennett standard wrong. That's correct. Because at the time when the magistrate decided the case, and there was a ninth circuit authority that sort of played both ways. Well, it doesn't matter. I mean, now, today. But I think the procedure that was followed in the federal district court essentially complied with the Bennett ruling. And I think the federal district court's order ---- But in Bennett, what we said, and what we've said a number of times since, is, look, Bennett was set out, or set out basically a new standard, and so both the parties and the district court ought to have a shot at it in light of the new standard. So why shouldn't we remand in this case for that determination only? Because the standard in Bennett was essentially followed. The first step in Bennett is that the state allege independent adequate procedural rule, and the state did this when we moved to dismiss the claim. Then the burden shifted to Mr. Davis. Davis failed to carry that burden. Davis cited Robbins as this case of inconsistent application of procedural rule. And as this court has stated, Robbins is an unusual case based upon misrepresentations by the trial court and the prosecutor. Well, yeah, but at least it put the issue in play, didn't it? It did put the issue in play, and I think the federal district court looked at Robbins and said, this does not show an inconsistent application. It's just, I think the federal district court said, this is one case out there. And because of that, because Davis failed to satisfy that step in Bennett, the burden never shifted back to the respondent, never shifted back to the state. And so it ended right there with Davis' citing of Robbins, because Robbins didn't shift that burden. So essentially, although essentially the Bennett procedure was followed in this case. And to send it back to apply to determine whether there's unpublished cases in Lambert or to apply the procedure, I think you'd end up with the same result. Because I think the Montana Supreme Court has consistently applied the rule that you must object to a jury instruction in the trial court in order for that claim to be preserved on appeal. Prior to the enactment of the statute in question 4616.410, there's been a series of other Montana statutes that require an objection to be made at the settlement of instructions. And I think if you look at all those cases, I think that the first statute comes into place in 1907. Historically, the Montana Supreme Court has applied that rule in the vast majority of the cases. I think if it goes back, the same result's going to happen. And here, the court's going to find that there has been consistent application of that procedural rule. I know in Powell versus Lambert, the recent case from this court, the Bennett versus Mueller decision was applied. And the court in that case said the burden-shifting procedure wasn't complied with. But the court independently looked at the state court cases to see whether there's consistent application. And I think if this court looks at those cases, they'll find that there is consistent application in the Montana Supreme Court. So essentially, the Bennett versus Mueller procedure was complied with by the district court. The district court in its order did say that it adopted the magistrate's findings in total. But if you look at how the court analyzed the issue, it complied with the Bennett procedure. It's clear that this case is procedurally barred, so I won't go into that issue anymore. But I'd like to just briefly touch on the exhaustion argument. The federal district court denied the respondent's exhaustion argument. But it's clear that Davis is raising a different claim than he asserted in the Montana Supreme Court. In the Montana Supreme Court, Davis cited Griffith versus Kentucky and said that due process required the Montana Supreme Court to apply the flight instruction ruling in Hall to his case because his case was not yet final. And that's the same claim he asserted in his habeas petition. But it changed a little bit in his reply or in one of his responses in federal district court. And that change was this. Davis stated the Montana Supreme Court has irrationally and inconsistently applied its rule of retroactivity. And then he cited Evitz versus Lucy and Griffith versus Illinois and said that irrational and inconsistent application violated his right to due process. It violated his right to a meaningful appeal. There's a change there. Davis in the federal district court never cited Evitz versus Lucy. He never cited Griffith versus Illinois. He didn't argue that this inconsistent application violated his right to due process. He strictly said that Griffith versus Kentucky required a retroactive application of the Hall decision in his case. And that's the same claim he made in his habeas petition. And I think Davis changed his claim because he realized that if you assert that Griffith versus Kentucky required retroactive application of a state law rule, that's not a federal question. Griffith versus Kentucky was concerned with new constitutional rules that promote procedure. And that's what this court said in Mershaw versus Woodford. If the claim is, as if David asserted, if the due process claim is the same claim he asserted initially in his habeas petition, he's failing to state a federal question. And there is that change there. And in light of that change, Davis has not exhausted his due process claim in the Montana Supreme Court. And so, therefore, this Court should also dismiss Davis's habeas claim, habeas petition on that basis also. If there's no further questions. No further questions. Thank you. Mr. Wright, you have a little bit of time left. Thank you, Your Honor. I would just address briefly the Bennett v. Mueller standard, and that the State has pointed you to a whole list of case in legislative history that was not presented to the Federal District Court. So they've had the opportunity on appeal and are asking you on appeal that, in their opinion, the practice of the Montana Supreme Court will comply with the Bennett v. Mueller standard. But that argument and those cases were not cited to the Federal District Court. That's the opportunity we should have in district court. You can make those arguments there. Mr. Davis can then respond to them and look, as in Powell v. Lambert, to unpublished cases or the actual practice of the Montana Supreme Court. Thank you, counsel. Thank you. Your time has expired. The case just argued will be submitted for decision. And we will now hear argument in the United States v. Moreno. Counsel, you may proceed.
judges: O'scannlain, Rymer, Bybee